Robert F. Brennan, Esq. [S.B. #132449]
LAW OFFICES OF ROBERT F. BRENNAN, A P.C.
3150 Montrose Ave.
La Crescenta, Ca. 91214

[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiff Shahin Adibi

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHAHIN ADIBI, an Individual;

    Plaintiff,

    vs.

EQUIFAX INFORMATION SERVICES LLC, is a Corporation; NORDSTROM, INC., is a business entity form unknown;, and DOES 1-10, Inclusive,

    Defendants.

Case No. CV12-07036 JEM

COMPLAINT FOR DAMAGES:

1. FAIR CREDIT REPORTING ACT.
2. CALIFORNIA IDENTITY THEFT LAW.
3. ROSENTHAL DEBT COLLECTION PRACTICES ACT.
4. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

JURY TRIAL DEMANDED.

Plaintiff alleges:

1. Plaintiff SHAHIN ADIBI ("Plaintiff") is a resident of County of Los Angeles, State of California.

2. Defendants EQUIFAX INFORMATION SERVICES LLC ("EQUIFAX"), is a business entity, forms unknown, doing business in the State of California as credit bureaus which receive negative credit information about

COMPLAINT FOR DAMAGES

consumers and which then publish such information in credit reports available to its subscribers. Collectively, these defendants will be referred to as "credit bureau defendants" or "credit agency defendants". NORDSTROM, INC. ("NORDSTROM") is a creditor which, among other activities, reports allegedly delinquent debts to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act.

3. Defendants DOES 1-10 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. DOES 1-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after plaintiff has notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein,

1 whether by a named Defendants or fictitiously named Defendants or otherwise,
2 was expressly authorized or ratified, as these terms are used in California Civil
3 Code Section 3294(b), by each and every other Defendant herein, whether named
4 or fictitiously named.

## FIRST CAUSE OF ACTION
## [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS]

6. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, EQUIFAX and each of the credit bureau defendants who are "consumer reporting agencies" as that term is defined in 15 U.S.C. Section 1681a (f).

8. On or about February 1, 2011 Plaintiff filed a police report in the city of Los Angeles after he discovered someone unknown to him was using his identification for fraudulent transaction.

9. On or about May 8, 2011 Plaintiff sent a dispute letter to NORDSTROM attention Bill Larson. Plaintiff explained that he applied for a Visa card from NORDSTROM but never received it in the mail. When Plaintiff received the statement from NORDSTROM he called them immediately and reported the charges as fraud. Mr. Larsen of the fraud investigation department for NORDSTROM said that Plaintiff had active the ard from his cell phone on December 2, 2010 at 2:30 a.m. Plaintiff asked for other evidence proving that he made the charges, but Mr. Larsen was not able to provide any. Plaintiff also provided a copy of his cell phone bill indicating that the first call he made on

December 2, 2010 was around 9:30 a.m. Plaintiff also provided a copy of the police report, which he obtained on February 1, 2011.

10. On or about May 23, 2011, Plaintiff sent Dispute letters to, EQUIFAX, Transunion and Experian providing copies of his police report along with proof that he did not activate the Visa Nordstrom account. In addition, Plaintiff asked them to investigate and remove the negative NORDSTROM charge-off account.

11. On or about April 15, 2012 and on June 3, 2012, Plaintiff received letters form American Coin Laundry denying his application for a Discover Business Card due to information discovered on his EQUIFAX credit profile.

12. On or about May 16, 2012, Plaintiff received a notice from EQUIFAX indicating that the Nordstrom account would remain unchanged on his credit profile. EQUIFAX did however continue the fraud alert and blocked his account for promotional purposes. Transunion and Experian removed the disputed NORDSTROM account.

13. Defendants, EQUIFAX and NORDSTROM have refused, despite Plaintiff's phone calls and letters to acknowledge that he was not responsible for the NORDSTROM account.

14. Plaintiff sent correspondence to EQUIFAX and NORDSTROM asking that they reinvestigate his account cease any negative credit reporting and remove his account form collection activity. Only non-party Transunion and Experian complied with plaintiff's request to cease the derogatory credit reporting. On information and belief, one or more of the credit bureaus sent dispute notices to NORDSTROM, thereby activating NORDSTROM'S' obligations to plaintiff under the Fair Credit Reporting Act.

15. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from her credit reports. Despite the insistence of Plaintiff, the Defendants, and each of them,

failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

16. Within the past several years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants; and,

e. By willfully and negligently failing to follow the provisions of 1681c-1 and c-2 with respect to the rights, duties and obligations of identity theft victims who notify creditors and credit bureaus of the identity theft situation.

17. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

18. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated.

---

COMPLAINT FOR DAMAGES

Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants have also specifically violated the provisions of FCRA designed to protect identity theft victims. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

## SECOND CAUSE OF ACTION
## VIOLATION OF CALIFORNIA IDENTITY THEFT LAW, CIV. CODE SECTION 1798.92 et seq., AGAINST NORDSTROM AND DOES 1-10, INCLUSIVE.

19. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

20. In continuing credit reporting and debt collection activities against plaintiff after she had reported to them the identity theft situation and after providing them with a police report, NORDSTROM and DOES 1-10, Inclusive, willfully violated the California Identity Theft Law, Civ. Code Section 1798.92 et seq.

21. Plaintiff has suffered actual damages, including general, special, incidental and consequential damages, and is also entitled to attorney's fees and costs under the California Identity Theft Law. In addition, plaintiff alleges that defendants NORDSTROM and DOES 1-10, Inclusive, specifically violated Civ. Code Section 1798.93 (c) (6), thereby entitling him to a $30,000.00 penalty, in

addition to any other damages which may be assessed.

## THIRD CAUSE OF ACTION
## VIOLATION OF CALIFORNIA ROSENTHAL ACT
## AGAINST NORDSTROM
## AND DOES 1-10, INCLUSIVE.

22. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

23. In continuing debt collection activities after the point where plaintiff notified defendants of the identity theft situation, and after she provided them with a police report of the identity theft, defendants NORDSTROM and DOES 1-10, Inclusive, willfully and knowingly violated the California Rosenthal Act, and specifically violated Civ. Code Section 1788.18.

24. Plaintiff has suffered actual damages, including general, special, incidental and consequential damages, and is also entitled to attorney's fees and costs under the Rosenthal Act. In addition, plaintiff alleges that defendants NORDSTROM and DOES 1-10, Inclusive, specifically violated Civ. Code Section 1788.18, thereby entitling him to a statutory penalty, in addition to any other damages which may be assessed.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT
## REPORTING AGENCIES ACT AGAINST
## NORDSTROM AND DOES 1-10, INCLUSIVE.

25. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

26. Within two years prior to the filing of the complaint in this action, defendants NORDSTROM and DOES 1-10, Inclusive, both willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least the following ways:

By willfully and negligently furnishing to credit reporting agencies information about the Plaintiff which Defendants NORDSTROM and DOES 1-10, Inclusive knew, or should have known, was incomplete or inaccurate.

27. Each of the Defendants NORDSTROM and DOES 1-10, Inclusive willfully and negligently failed in their obligations to reinvestigate and correct the derogatory marks in Plaintiff's credit reports. Plaintiff alleges that each of the Defendants NORDSTROM and DOES 1-10, Inclusive' policies and practices hinder and obstruct adequate and meaningful reinvestigations, and that each defendant knows of this effect of its policies and practices.

28. As a proximate result of the willful and negligent actions of the Defendants NORDSTROM and DOES 1-10, Inclusive, and each of them, Plaintiff has suffered both general and special damages in an amount which will be proven at time of trial. As provided under the cited laws, Plaintiff is entitled to actual damages, loss of wages, damage to credit reputation, pain and suffering, costs and attorney fees. Plaintiff is also entitled to punitive damages and statutory penalties for willful violations of the California Consumer Credit Reporting Agencies Act.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;
2. For statutory penalties for each separate statutory violation where allowed by statute;
3. For punitive damages against defendants according to proof at trial and

using the applicable punitive damages standards from the involved statutes;

    4. For attorney's fees where authorized by statute or law;

    5. For costs of suit;

    6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

Dated: August 14, 2012    ROBERT F. BRENNAN, A P.C.

By: _____
Robert F. Brennan
Attorneys for Plaintiff

Robert F. Brennan SBN 132449
LAW OFFICES OF ROBERT F. BRENNAN
3150 Montrose Ave.
La Crescenta CA 91214
Tel: 818-249-5291

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHIN ADIBI, an Individual;<br><br>PLAINTIFF(S)<br>v.<br>EQUIFAX INFORMATION SERVICES LLC, is a Corporation; NORDSTROM, INC., is a business entity form unknown;, and DOES 1-10, Inclusive,<br>DEFENDANT(S). | CASE NUMBER<br><br>**CV12-07036 JEM**<br><br>SUMMONS |

TO: DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Robert F Brennan_____, whose address is _LAW OFFICES OF ROBERT F. BRENNA 3150 Montrose Ave. La Crescenta CA 91214_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

AUG 15 2012

Clerk, U.S. District Court

Dated: _____  By: _____
                                       Deputy Clerk

                                       (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07) — SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SHAHIN ADIBI, an Individual;

**DEFENDANTS**
EQUIFAX INFORMATION SERVICES LLC, is a Corporation; NORDSTROM, INC., is a buiness entity form unknown;, and DOES 1-10, Inclusive,

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles County

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Los Angeles, California

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert F. Brennan, Esq. SBN 132449
LAW OFFICES OF ROBERT F. BRENNAN
3150 Montrose Ave.
La Crescenta, CA 91214  Telephone 818-249-5291

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ 300,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Credit Reporting Act 15 U.S.C. Sec. 1681

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument |  |  | ☐ 535 Death Penalty |  |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other |  |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service |  | ☐ 355 Motor Vehicle Product Liability |  | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits |  | ☐ 441 Voting |  | ☐ 830 Patent |
|  |  | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract |  | ☐ 443 Housing/Acco- mmodations |  | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability |  |  | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act |  |  | ☐ 444 Welfare |  | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
|  | REAL PROPERTY |  |  | ☐ 640 R.R. & Truck |  |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation |  |  | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure |  | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment |  |  |  | FEDERAL TAX SUITS |
|  | ☐ 240 Torts to Land |  |  | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
|  | ☐ 245 Tort Product Liability |  | ☐ 440 Other Civil Rights |  |  |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: _____

CV-71 (07/05)   CIVIL COVER SHEET   Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Los Angeles, California

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
EQUIFAX - Georgia
Nordstrom - Washington

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Los Angeles County

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date: August 15, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |